The Honorable Chester F. Blakemore Executive Director, Department of Highway Safey and Motor Vehicles
(Supplement to 081-16)
(See 081-16 for questions)
I am in receipt of your request for reconsideration of AGO 081-16, in light of the determination of the Legislature in s. 2, ch. 80-217, Laws of Florida, and s. 320.27, F.S. (1980 Supp.), which specifically excludes new motor vehicle brokers from the licensing requirements for motor vehicle dealers contained therein.
I have reviewed both the supplementary materials supplied by the Department of Highway Safety and Motor Vehicles as well as the language contained in s. 2, ch. 80-217, Laws of Florida, and s.320.27, F.S. (1980 Supp.). As I noted in AGO 081-16, it appears clear that the types of brokerage services which are being offered by the mobile home brokers or services in question are not analogous to the new motor vehicle brokers as that term is defined in s. 320.27, F.S. (1980 Supp.). `New motor vehicle broker' is defined by s. 320.27(1)(d) to mean:
 any person engaged in the business of offering to procure or procuring new motor vehicles for the general public, or who holds himself out through solicitation, advertisement, or otherwise as one who offers to procure or procures new motor vehicles for the general public, and who does not store or display any new or used vehicles for the purpose of selling such vehicles.
As I noted in my previous opinion, the mobile home brokers or brokerage services involved in your original inquiry and the factual data submitted therewith, do not act as agents or brokers for the buyers of used mobile homes in the procurement of such used mobile homes at discount prices nor do they hold themselves out as or act as procurement or purchasing agents for buyers generally or the general public as was the case in the automobile brokerage services which are now excluded from the requirements of licensure of motor vehicle dealers as set forth in s. 2, ch. 80-217, Laws of Florida, and s. 320.27(1)(c), F.S. (1980 Supp.). Once again, as I noted in AGO 081-16, the automobile brokerage services acted as the agent of the buyers in the procurement of new motor vehicles from manufacturers at discount sales prices and held themselves out as being able to so procure new motor vehicles for the general public. Under the facts as presented to me in AGO 081-16, the mobile home brokers in question would operate as agents of the owners of used mobile homes and would not take title or possession of any mobile home and would merely assist the seller in finding a buyer for said mobile homes as well as handling the details of the closing. The mobile home brokers in question would carry no inventory and would have no possessory interest in the mobile homes either at their business locations or elsewhere. As is noted in AGO 081-16, under the facts presented by the Department, none of the mobile homes in question would be considered real property as that term is defined in s. 475.01(6), F.S.
SUMMARY:
Except as modified by the fact that s. 2, ch. 80-217, Laws of Florida, and s. 320.27(1)(c), F.S. (1980 Supp.), specifically excludes new motor vehicle dealers from the licensure requirements contained in s. 320.27, F.S., AGO 081-16 is reaffirmed; mobile home brokers who act as agents or middlemen on behalf of the sellers of mobile homes, neither taking title nor possession of mobile homes, are not authorized or required to be licensed as mobile home or recreational vehicle `dealers' under s. 320.77, F.S. (1980 Supp.).
Prepared by: John Rimes, Assistant Attorney General